UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EFRAIN TORRES GONZALEZ, )<br>  )<br>  Petitioner, )<br>  )<br>vs. )<br>  )<br>ROBERT LEGRAND, *et al.* )<br>  )<br>  Respondents. )<br>_____/ | 3:11-cv-00821-HDM-VPC<br><br>**ORDER** |

Efrain Torres Gonzalez, a Nevada prisoner, has submitted an application to proceed *in forma pauperis* (ECF #1), as well as what he has styled a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651(a) (ECF #1-1), and a motion for appointment of counsel (ECF #1-2).

Petitioner's application to proceed *in forma pauperis* (docket #1) is granted. However, as discussed below, his petition must be dismissed for failure to exhaust state remedies.

In his petition, petitioner alleges that his time served has been miscalculated and that he should have been released from prison in May 2011. He also indicates in his petition that he has not filed a petition for writ of habeas corpus in state district court regarding these allegations.

A writ of mandamus permits review of an otherwise nonappealable order. *See* 28 U.S.C. § 1651. It is an extraordinary remedy that is used sparingly because it entails interference with the

1 district court's control of the litigation before it. *Calderon v. U.S. District Court for the Northern Dist.
2 Of California*, 144 F.3d 618, 620 (9th Cir. 1998); *Frost v. Encyc.*, 254 F.2d 633, 637 (9th Cir. 1958) ("a
3 writ of mandamus directing a court to do some act is an extraordinary remedy and is properly issued only
4 when the lower court clearly acts in excess of its jurisdiction, abuses its jurisdiction, or refuses to
5 exercise it").

6 Here, from the face of the petition it is apparent that the state court has not had an
7 opportunity to hear petitioner's claims and that the appropriate remedy for petitioner to pursue is a writ
8 of habeas corpus. Thus, petitioner must first file a state petition for writ of habeas corpus. A federal
9 court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his
10 available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).
11 A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents
12 those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also*
13 *Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given
14 the highest available state court the opportunity to consider the claim through direct appeal or state
15 collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v.*
16 *McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

17 A habeas petitioner must "present the state courts with the same claim he urges upon the
18 federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of
19 a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.
20 *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To
21 achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims
22 under the United States Constitution" and given the opportunity to correct alleged violations of the
23 prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d
24 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear
25 instruction to potential litigants: before you bring any claims to federal court, be sure that you first have
26 taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v.*

*Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

Accordingly, because petitioner has not raised his claim in a state petition for writ of habeas corpus, this federal petition must be dismissed without prejudice. Petitioner's motion for appointment of counsel is therefore also denied.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (docket #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **DETACH** and **FILE** the petition (ECF #1-1).

**IT IS FURTHER ORDERED** that the petition is **DISMISSED without prejudice** for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that the Clerk shall **DETACH** and **FILE** petitioner's motion for appointment of counsel (ECF #1-2).

1  **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF
2  #1-2) is **DENIED**.
3  Dated this 22nd day of November, 2011.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE